[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10122
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:08-cv-00667-RDP

PRINCIPAL LIFE INSURANCE COMPANY,

Plaintiff,

versus

ALICE H. SMITH,

Defendant-Appellee,

versus

ALMA SUE SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 30, 2010)

Before CARNES, MARCUS and COX, Circuit Judges.

PER CURIAM:

This case involves a dispute about who is entitled to death benefits under Richard Smith's life insurance policy. Two individuals claim they are Richard's beneficiary and are thus entitled to the death benefits: Alice H. Smith, Richard's wife at the time of his death, and Alma Sue Smith, his ex-wife. Principal Life Insurance Company initiated this action seeking a determination as to who was entitled to the death benefits.[1] Both Alice and Alma filed motions for summary judgment in the district court. The district court granted Alice's motion and denied Alma's motion. (R.30 at 14.) Alma appeals.

Richard was employed by Bonetti Company, Inc. He participated in the Group Life Insurance Plan that Bonetti provided. Bonetti was the plan administrator, and Johnson Insurance Services, LLC served as Bonetti's agent in administration of the Plan. The Plan is regulated by the Employee Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461. The Plan provided:

> A beneficiary should be named at the time a Member applies or enrolls under this Group Policy. A Member may later change a named beneficiary by sending a *written request* to The Principal. A change will not be effective until recorded by The Principal. Once recorded, *the change will apply as of the date the request was signed*.

---

[1]The district court had jurisdiction under 28 U.S.C. § 1331, in that the case relates to an ERISA plan. Thus the case arises under the laws of the United States and raises a federal question. The record does not support statutory interpleader jurisdiction under 28 U.S.C. § 1335.

(R.9, Ex. 1 at 83) (emphasis added).

Richard had basic life insurance coverage of $50,000 and supplemental life insurance coverage of $50,000. The beneficiary designation Richard submitted and Principal recorded was Alma, to whom he was married at the time the application for the coverage was accepted. In February 2007, Richard requested a form from Bonetti to change the designated beneficiary of his life insurance benefits. He received a form entitled the "Humana Change Form," on which he indicated he wanted to change his "Basic Life" primary beneficiary to Alice. (R.1, Ex. C at 2.) Both Richard and Alice signed this form on February 26, 2007. He then sent the executed form to Johnson, Bonetti's designated agent, as instructed by Bonetti. Johnson forwarded the change form to Humana, Bonetti's health and dental insurance underwriter, but did not send the form to The Principal Life Insurance Company, which had issued the life policy.

Upon Richard's death on April 12, 2007, Principal received competing claims from Alice and Alma.[2] Principal told Alice that their records named another person as the beneficiary. Alice then sent Principal a copy of the change form designating her as the beneficiary that Richard had previously sent to Johnson. Thereafter,

---

[2]Cynthia Butler Smith, Richard's daughter with his ex-wife, Alma, also filed a claim, but later disclaimed any interest in favor of Alma's claim.

Principal informed both Alice and Alma of their competing claims and filed this action.

Alma argues that: (1) this case is controlled by *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 129 S. Ct. 865 (2009); (2) Richard never provided any written notice changing the supplemental/voluntary coverage of $50,000, and that, accordingly, the district court erred in failing to make a distinction between the basic life coverage and the supplemental coverage; (3) she was the beneficiary on Principal's records at the time of Richard's death; and (4) the recorded beneficiary has never been changed on Principal's records. Alice counters that this case is controlled by *Liberty Life Assur. Co. of Boston v. Kennedy*, 358 F.3d 1295, 1302 (11th Cir. 2004), and asserts that under the language of the Plan, Alice became Richard's beneficiary as of February 26, 2007, the date he executed the change request form.

We reject Alma's argument that this case is controlled by *Kennedy v. Plan Administrator* for the reasons stated by the district court. (R.30 at 12 n.11.) Moreover, we decline to consider Alma's argument concerning the supplemental coverage of $50,000, because she raises the argument for the first time on appeal. *Caban-Wheeler v. Elsea*, 71 F.3d 837, 841 (11th Cir. 1996).

Alma's contention that she is entitled to the insurance proceeds because she was the beneficiary on Principal's records at the time of Richard's death is without merit. The Plan clearly states that once Principal records the change, it "will apply as of the date the request was signed." (R.9, Ex. 1 at 83.) So, the fact that Alma was the beneficiary of record at the time Richard died is not determinative. We agree with the district court that this court's decision in *Liberty Life* supports the district court's decision here. Under this circuit's law, "[t]he award of benefits under any ERISA plan is governed in the first instance by the language of the plan itself." *Liberty Life,* 358 F.3d at 1302 (quotations and citation omitted). In *Liberty Life*, the policyholder obtained a life insurance policy from his employer and named his then-wife as the beneficiary. The policy stated that he could change the beneficiary by sending "acceptable written notice" to the employer and that any such change would take "effect from the date the employee signed the notice." *Id.* at 1298. The policyholder later divorced his wife, the original beneficiary, and executed a valid will indicating that he wanted to change the beneficiary of his life insurance to name his new wife and his children. The policyholder's will was filed with his employer after he died. This court held that under the policy language, the executed will qualified as an appropriate beneficiary change notice that was effective as of the date it was signed. *Id.* at 1302.

Similarly, under the Plan at issue in this case, a policy holder may "change a named beneficiary by sending a written request to The Principal." (R.9, Ex. 1 at 83.) The Plan does not require a specific form to be used in making a change of the beneficiary. Instead, the Plan requires only a "written request." (*Id.*) The district court correctly held that "[t]he Humana Change form clearly constitutes such a 'written request.'"[3] (R.30 at 12.) That "form contained a section entitled 'Change Beneficiary,' and Richard indicated in that section that he wanted to change his 'Basic Life' primary beneficiary to 'Alice Smith.'" (R.1, Ex. C at 1.) The fact that the form was not sent to Principal until after Richard died does not make it ineffective. Although Alice did not forward the form to Principal until approximately one month after Richard's death, the Plan states that "[o]nce recorded, the change will apply as of the date the request was signed." (R.9, Ex. 1 at 83.) Thus, the district court correctly found that Alice was the beneficiary as of February 26, 2007, the date she and Richard signed the form.

Alma's last contention, that she is entitled to the insurance proceeds because the recorded beneficiary has not been changed on Principal's records, is

[3]Alma contends that the Humana Change Form that Richard filled out was only relevant for his health and dental insurance, and not for his Principal life insurance. This argument is meritless because the Plan policy called only for a "written request," and the Humana Change Form suffices as such.

unconvincing; The Principal filed this action in order for the court to determine whether it should accept the designation of a new beneficiary. It should.

AFFIRMED.